J. P. THEISEN AND SONS, A COPARTNERSHIP, APPELLEE, V. AKSARBEN CONTRACTING CORPORATION, A CORPORATION, APPELLANT.

246 N. W. 2d 720

Filed November 10, 1976. No. 40537.

Hutton & Garden for appellant.

Deutsch, Jewell, Otte, Gatz, Collins & Domina, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BOSLAUGH, J.

This case involves a dispute arising out of a Soil Conservation Service (SCS) contract. The defendant, Aksarben Contracting Corporation entered into a contract on June 28, 1971, to construct two grade stabilization structures for the AOWA Creek Watershed Project in Dixon County, Nebraska. One structure was to be erected at site 12-8. The other structure was to be built at site 31-1. The original contract price was $64,782.

The defendant received a notice to proceed with the work on July 30, 1971. According to the provisions of the contract, work was to be completed by November 18, 1971. On August 30, 1971, SCS notified the defendant its performance was not satisfactory because the work was approximately 35 percent behind schedule. On September 23, 1971, SCS notified the defendant that unless substantial progress was made within the next 10 days its right to proceed with the work would be terminated. At that time 48 percent of the time had expired but only 5 percent of the work had been completed. This letter also notified the defendant it would be held liable for any increase in cost occasioned by the government in completing the work and for liquidated damages as provided in the contract for failure to complete the work on schedule. On October 21, 1971, the defendant's right to proceed with the work was terminated. At that time 70 percent of the time had expired and only 25 percent of the work had been completed.

The default letter was later withdrawn pursuant to an agreement by the defendant to subcontract the bal-

ance of the work to the plaintiff, J. P. Theisen and Sons. This litigation arises out of the contract or subcontract between the plaintiff and the defendant. There was no written memorandum of the contract other than the plaintiff's proposal which consisted of a list of estimated quantities of work to be done at each job site together with the unit price for each type of work.

The plaintiff claims that its agreement with the defendant was to perform all work remaining to be done on the project and to be paid the amounts the defendant would have received if it had performed the work. The defendant claims that the plaintiff agreed to perform all the remaining work in the time specified in the contract and for the amounts listed in the plaintiff's proposal. At the outset the defendant's claim does not appear to be reasonable because the items listed in the proposal were merely estimates of the amount of work remaining to be done, and a very large part of the contract time had expired before the plaintiff took over the work.

The plaintiff completed the work to the satisfaction of SCS but not within the time specified in the contract. The defendant paid $22,896.47 to the plaintiff. The plaintiff claimed it was entitled to an additional amount of $12,150.16. The trial court found generally for the plaintiff and fixed the amount due the plaintiff at $11,955.66. The defendant has appealed.

In determining whether the evidence supports the findings of the trial court the evidence must be considered in the light most favorable to the plaintiff, all conflicts must be resolved in its favor, and it is entitled to the benefit of every inference that can reasonably be deduced from the evidence.

There are five items in dispute. Two of them involve change orders; two involve additional work required to repair water damage that occurred to work which had been completed by the defendant, but not adequately

protected; and the liquidated damages assessed against the defendant by SCS.

The principal item in dispute is the $2,378 assessed against the defendant as liquidated damages for failure to complete the work within the time specified in the contract. The evidence in regard to this item is in dispute and cannot be reconciled. The plaintiff's evidence was to the effect that the plaintiff agreed only to complete the work as quickly as possible. The parties are in agreement that there was never any discussion concerning liquidated damages.

The next largest item concerned $1,500 paid the defendant because of a change in the borrow area at site 31-1. The first borrow area proved to be unsatisfactory so an alternate borrow area was designated and as a result an additional $1,500 was paid to the defendant. The original borrow area was behind a dam that was being constructed. The alternate borrow area was at the top of a hill nearby and, according to the plaintiff's evidence, involved a longer and more difficult haul.

The plaintiff claimed that it was entitled to the $1,500 because it performed the additional work incident to the use of the alternate borrow area. The defendant claimed it was entitled to retain the $1,500 because it negotiated the arrangement with SCS before the plaintiff commenced work on the subcontract and the plaintiff knew about the change. The defendant's position if sustained would be in the nature of a windfall since all the extra work incident to the change in the borrow area was performed by the plaintiff.

The remaining three items involve common excavation work in the amount of $740.44 performed by the plaintiff and $350 for channeling work at site 12-8. The common excavation work was in the nature of repairs to work that had been completed by the defendant but which sustained water damage. Further excavation and back fill was necessary to make the work acceptable.

The channel work was an extra item added by SCS when the work on the project was nearly complete.

The finding by the trial court on each of the disputed items is equivalent to the verdict of a jury and will not be set aside on appeal unless clearly wrong. All the issues involved in this appeal were questions of fact. The evidence was in conflict, but the plaintiff's evidence was clearly sufficient to sustain the finding in its favor on each of the disputed items.

The judgment of the District Court is affirmed.

AFFIRMED.